```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                     NORTHERN DIVISION


MARY FRANCIS NORWOOD,           :

      Plaintiff,                :

vs.                             :
                                    CIVIL ACTION 08-0402-M
MICHAEL J. ASTRUE,              :
Commissioner of
Social Security,                :

      Defendant.                :
```

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (hereinafter *SSI*) (Docs. 1, 14). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636© and Fed.R.Civ.P. 73 (*see* Doc. 21). Oral argument was waived in this action (Doc. 20). Upon consideration of the administrative record and the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED.**

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Ser-

vices, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting* *Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the administrative hearing, Plaintiff was forty-six years old, had completed a high school education, and had previous work experience as a casing maker, lock assembler, cashier, and newspaper carrier (Doc. 14 Fact Sheet). In claiming benefits, Plaintiff alleges disability due to diabetes mellitus, acute coronary syndrome, obstructive sleep apnea, carpal tunnel syndrome, and hypertension (Doc. 14 Fact Sheet).

The Plaintiff filed an application for disability benefits and SSI on May 19, 2004, alleging a disability date of March 30, 2004 (Tr. 60-62, 274-75). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that Norwood was capable of performing a full range of light work, which included work which she had previously done (Tr. 24-35). Plaintiff requested review of the hearing decision (Tr. 23) by

the Appeals Council, but it was denied (Tr. 5-7).[1]

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence.  Specifically, Norwood alleges that:  (1) The ALJ improperly determined that some of her impairments were not severe; (2) the ALJ did not properly consider the combination of her impairments; and (3) the ALJ did not properly consider the opinions and conclusions of her treating physician (Doc. 14).  Defendant has responded to—and denies—these claims (Doc. 16).

Plaintiff first claims that the ALJ improperly determined that some of her impairments were not severe.  More specifically, Norwood asserts that the ALJ should have found her carpal tunnel syndrome, obstructive sleep apnea, anxiety/depression, and diabetes to have been severe (Doc. 14, pp. 6-7).

In *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984), the Eleventh Circuit Court of Appeals held that "[a]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience."  *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984); *Flynn v. Heckler*,

---

[1]Plaintiff has asserted that she filed a second application after the initial one was denied and was awarded benefits, beginning April 6, 2006, so this Court should consider whether Plaintiff was disabled between March 30, 2004 and April 5, 2006 (Doc. 14, pp. 1-2).

768 F.2d 1273 (11th Cir. 1985); *cf*. 20 C.F.R. § 404.1521(a) (2008).[2]  The Court of Appeals has gone on to say that "[t]he 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality."  *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986).  It is also noted that, under SSR 96-3p, "evidence about the functionally limiting effects of an individual's impairment(s) must be evaluated in order to assess the effect of the impairment(s) on the individual's ability to do basic work activities."

The Court notes that Plaintiff has failed to direct this Court's attention to specific medical evidence which supports her claim (*see* Doc. 14, pp. 6-7).  Norwood did list medical diagnoses in her brief (*see* Doc. 14, pp. 3-6), but even that fails to demonstrate why these particular impairments would impair her ability to work.  The Court notes that the ALJ faithfully summarized the evidence relating to these particular impairments (Tr. 30-33).  The Court finds, without summarizing herein all of that evidence, that the ALJ's conclusion, that these particular impairments are not severe, is supported by substantial evidence.

Norwood next claims that the ALJ did not properly consider

---

[2]"An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."

4

the combination of her impairments as required (Doc. 14, pp. 7-8).  It is true that "the Secretary shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity."  42 U.S.C. § 423(d)(2)C).  The Eleventh Circuit Court of Appeals has noted this instruction and further found that "[i]t is the duty of the administrative law judge to make specific and well-articulated findings as to the effect of the combination of impairments and to decide whether the combined impairments cause the claimant to be disabled."  *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984); *see also Reeves v. Heckler*, 734 F.2d 519 (11th Cir. 1984); *Wiggins v. Schweiker*, 679 F.2d 1387 (11th Cir. 1982).

In the ALJ's findings, she lists Plaintiff's impairments and concludes by saying that "the claimant's severe and not severe impairments, considered singularly and in combination, are not of listing-level severity" (Tr. 28).  Language similar to this has been upheld by the Eleventh Circuit Court of Appeals as sufficient consideration of the effects of the combinations of a claimant's impairments.  *Jones v. Department of Health and Human Services*, 941 F.2d 1529, 1533 (11th Cir. 1991) (the claimant does not have "an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4").  Norwood's claim otherwise is without merit.

Plaintiff's next claim is that the ALJ did not accord proper legal weight to the opinions, diagnoses and medical evidence of Plaintiff's physicians.  Norwood specifically refers to the opinions of Dr. Bruce Taylor (Doc. 14, pp. 8-10).  It should be noted that "although the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician, the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Oldham v. Schweiker*, 660 F.2d 1078, 1084 (5th Cir. 1981);[3] *see also* 20 C.F.R. § 404.1527 (2008).

Plaintiff has directed this Court's attention to a physical functional assessment completed by Dr. Taylor on February 8, 2006 in which he indicated that Norwood was capable of standing for one hour, walking for one hour, and sitting for two hours at a time while capable of sitting for two hours, walking for two hours, and sitting for three hours during an eight-hour day (Tr. 272).  The doctor further indicated that Plaintiff would need a sit/stand option to work, though there was no need for her to lie down.  Taylor also indicated that she could occasionally push and pull with all extremities, climb, stoop, kneel, crouch, crawl, reach, and handle, but that she could never balance; though he

---

[3]The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

restricted her to lifting and carrying on an only occasional basis, he failed to state the weight to which she would be limited. Dr. Taylor listed "weakness and fatigue" for the restrictions.

The ALJ discredited these findings, noting that they appeared to be "based primarily upon claimant's subjective complaints (*i.e.*, fatigue and weakness) and not clinical or diagnostic findings" (Tr. 33). The ALJ further noted internal inconsistencies in the doctor's findings and that they were unsupported by his own records. By way of example, the ALJ pointed out that Taylor's records did not show that Norwood repeatedly complained of fatigue and that Taylor had recently reported that his examinations had been within normal limits (*id.*).

Though Plaintiff takes issue with these findings, she has failed to direct this Court to the medical evidence which supports the extreme limitations which Dr. Taylor has indicated. Norwood's assertion that the ALJ does not understand the law—"the ALJ may not understand the difference between non-exertional and exertional impairments" (Doc. 14, p. 9)—does not place evidence before this Court which convinces it that Plaintiff is correct. This claim is without merit.

The Court is aware that Plaintiff has filed a second disability application and was awarded benefits (Doc. 14, pp. 1-

2). Even so, after reviewing the record relating to the denial of benefits being challenged in this action, the Court finds that Norwood has failed to demonstrate that she was disabled during the period of time relevant to this application.

Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401. Therefore, it is **ORDERED** that the Secretary's decision be **AFFIRMED**, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), and that this action be **DISMISSED**. Judgment will be entered by separate Order.

DONE this 23rd day of January, 2009.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE